# NO. 12-22-00108-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSIE DWAYNE RAY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jessie Dwayne Ray appeals his conviction for manufacture or delivery of a controlled substance in an amount of four grams or more but less than 200 grams. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with the first-degree felony offense of manufacture or delivery of a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams.[1] The indictment further alleged that Appellant had a prior 2017 felony conviction for manufacture and delivery of a controlled substance. Appellant made an open plea of "guilty" and pleaded "true" to the enhancement. As part of Appellant's plea, he executed an acknowledgement of admonishments, a waiver of jury trial, a stipulation of evidence establishing the elements of the charged offense and enhancement paragraph, and an agreement to stipulate testimony. The trial court ordered that a presentence investigation (PSI) report be prepared.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017).

The State also requested that several unadjudicated offenses be considered in assessing Appellant's punishment, including unlawful possession of a firearm by a felon, manufacture or delivery of a controlled substance, possession of marijuana, and possession of a controlled substance.[2] Appellant acknowledged his guilt to these unadjudicated offenses.

At the ensuing punishment hearing, the State also presented evidence that during its investigation for the underlying offense, it discovered that Appellant committed violent aggravated sexual assaults. Tyler Police Department Detective Dennis Matthews testified that he conducted an extraction of Appellant's cell phone and discovered videos of sexual assaults. Those videos were saved to a flash drive and admitted into evidence. Matthews described the conduct depicted in the videos among "the most horrible things" that he has seen in a video.

Arlington Police Department Detective Becky Szatkowski testified that she responded to a reported sexual assault on September 21, 2019, at 1000 Brown Boulevard in Arlington. Matthews testified that this date and address correspond to one of the videos he extracted from Appellant's phone. Szatkowski interviewed the victim and testified that she watched the videos after receiving a phone call from a Tyler police officer asking about whether they received a report of a sexual assault that happened in the woods in Arlington. Szatkowski testified that the video's depiction was consistent with what she had previously been told by the victim. Szatkowski ultimately prepared a warrant for Appellant's arrest for the sexual assault and testified that the video was "very difficult" to watch and commented that she could "never unsee" it.

Oklahoma City Police Department Detective Jason Schneider testified that he worked on a report of a sexual assault that took place on October 13, 2019, at 101 Northeast 53rd Street, in Oklahoma City, which was also consistent with the date and location of another video extracted from Appellant's phone depicting a sexual assault. Upon learning of the video in the Tyler Police Department's possession, Schneider confirmed the identity of the victim who had reported the assault and confirmed that it happened just as she described. Schneider filed charges of forcible assault, rape, and burglary against Appellant and related that the video was so bad, that the District Attorney did not finish watching the video.

Tyler Police Department Detective Jim Holt testified that he responded to a "Violent Criminal Apprehension Program" (ViCAP) request from the Federal Bureau of Investigation

---

[2] *See* TEX. PENAL CODE ANN. § 12.45 (West 2019).

once the videos were discovered on Appellant's phone. Holt related that Appellant's cell phone contained several photographs and videos of Appellant exposing himself in San Antonio and Colorado, and that there was another video of Appellant following a woman around town. Holt testified that Appellant engaged in the same kind of conduct with the Arlington and Oklahoma City victims and recalled that Appellant's conduct was similar to a 2017 sexual assault of a woman in Tyler.

In each of the three assaults, Holt testified that Appellant told his victims that he "wanted to take them from behind, demanded oral sex, use of [a] condom, and then asked for alcohol afterwards to help clean up the scene[,]" and that Appellant was believed to have taken a towel from both the Arlington and Oklahoma City victims. When Holt searched the location information for the 2017 assault, he confirmed that the victim worked at a business three blocks away from where Appellant lived at the time and that his cell phone location was consistent with being the perpetrator of the 2017 sexual assault.

Due to the sensitive nature of the videos, the trial court watched the videos in chambers pursuant to the parties' agreement.

After hearing the arguments of counsel, the trial court found Appellant "guilty" as charged in the indictment, found the State's enhancement paragraph "true," and assessed Appellant's punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise have reviewed the record for reversible error and found none.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment. As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 22, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 22, 2023**

**NO. 12-22-00108-CR**

**JESSIE DWAYNE RAY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1209-20)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*